UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re LISA KAYE GOLDEN,<br><br>Debtor.<br><br><br>LISA KAYE GOLDEN,<br><br>                               Appellant,<br><br>v.<br><br>RICHARD KIPPERMAN<br><br>                               Appellee. | Case Nos.: 18-cv-2089 DMS(NLS); 19cv488 DMS(NLS); 19cv836 DMS(NLS); 19cv2065 DMS(NLS); 19cv2178 DMS(NLS); 19cv2320 DMS(NLS); 19cv2462 DMS(NLS); 19cv2463 DMS(NLS); 20cv47 DMS(NLS); 20cv50 DMS(NLS); 20cv52 DMS(NLS); 20cv55 DMS(NLS); 20cv57 DMS(NLS); 20cv59 DMS(NLS); 20cv61 DMS(NLS); 20cv205 DMS(NLS); 20cv207 DMS(NLS); 20cv305 DMS(NLS); 20cv725 DMS(NLS); 20cv866 DMS(NLS); 20cv950 DMS(NLS); 20cv951 DMS(NLS); 20cv952 DMS(NLS); 20cv999 DMS(NLS); 20cv1001 DMS(NLS); 20cv1002 DMS(NLS); 20cv1004 DMS(NLS); 20cv1005 DMS(NLS); 20cv1044 DMS(NLS); 20cv1087 DMS(NLS); 20cv1255 DMS(NLS)<br><br>Bankruptcy Case No.: 17-06928 |

**ORDER DENYING MOTIONS TO PROCEED IN FORMA PAUPERIS**

This case is one of forty-four cases Plaintiff has filed in this Court in the past two years.[1] Forty-one of these cases are appeals from decisions of the United States Bankruptcy Court for the Southern District of California arising out of Plaintiff's bankruptcy petition and three separate adversary proceedings related to that petition. The other three cases are civil cases in which Plaintiff alleges the Bankruptcy Judge and Bankruptcy Trustee violated her constitutional rights.[2] Plaintiff is proceeding pro se in all of these cases, and with two exceptions, all of the cases have been assigned to the undersigned judge pursuant to the Court's Low Number Rules. *See* Civil Local Rules 40.1(e)-(j).[3]

---

[1] *See* Case Nos. 18cv2089 DMS (NLS); 18cv2359 GPC (RBB); 18cv2699 DMS (NLS); 19cv488 DMS (NLS); 19cv836 DMS (NLS); 19cv838 DMS (NLS); 19cv843 DMS (NLS); 19cv1417 DMS (NLS); 19cv1678 DMS (NLS); 19cv2064 DMS (NLS); 19cv2065 DMS (NLS); 19cv2178 DMS (NLS); 19cv2320 DMS (NLS); 19cv2462 DMS (NLS); 19cv2463 DMS (NLS); 20cv47 DMS (NLS)20cv50 DMS (NLS); 20cv0051 DMS (NLS); 20cv0052 DMS (NLS); 20cv55 DMS (NLS); 20cv57 DMS (NLS); 20cv59 DMS (NLS); 20cv61 DMS (NLS); 20cv205 DMS (NLS); 20cv206 DMS (NLS); 20cv207 DMS (NLS); 20cv305 DMS (NLS); 20cv725 DMS (NLS); 20cv0855 DMS (NLS); 20cv0856 DMS (NLS); 20cv0857 DMS (NLS); 20cv0866 DMS (NLS); 20cv950 DMS (NLS); 20cv951 DMS (NLS); 20cv952 DMS (NLS); 20cv999 DMS (NLS); 20cv1001 DMS (NLS); 20cv1002 DMS (NLS); 20cv1004 DMS (NLS); 20cv1005 DMS (NLS); 20cv1044 DMS (NLS); 20cv1087 DMS (NLS); 20cv1255 DMS (NLS); 20cv1826 BEN (WVG).

[2] *See* Case Nos. 20cv725 DMS (NLS), 20cv855 DMS (NLS); 20cv856 DMS (NLS).

[3] This order does not apply to the cases that have been assigned to other district judges, including Plaintiff's most recently filed case, 20cv1826 BEN (WVG), which remains assigned to the Honorable Roger T. Benitez.

Of the forty-four cases that have been filed so far, nine have been dismissed.[4] Of the thirty-five cases that remain pending, Plaintiff failed to pay the filing fee in all but one case.[5] Plaintiff's outstanding fees for these cases appears to be $10,532, which is the filing fee for bankruptcy appeals ($298) multiplied by the number of appeals filed (34), plus the $400 filing fee for her civil case.[6] Accordingly, the Court issued orders requiring Plaintiff to either pay the filing fees or file a motion to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a).[7] In response to those orders, Plaintiff filed motions to proceed IFP. In all of the bankruptcy appeals save for two,[8] Richard M. Kipperman, the Chapter 7 Trustee, filed an opposition to Plaintiff's motions, and Plaintiff filed a reply brief.

"Pursuant to 28 U.S.C. § 1915(a), a plaintiff may commence an action without paying the filing fees where she submits an affidavit stating that she lacks sufficient funds and where her suit is not frivolous or malicious." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015) (citing *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984)). As the Ninth Circuit stated in *Escobedo*, "[t]he IFP statute does not itself define what constitutes insufficient assets." *Id.* at 1234. On the one hand, "'[o]ne need not be absolutely destitute to obtain benefits of the in forma pauperis statute.'" *Id.* (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). "Nonetheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and

---

[4] *See* Case Nos. 18cv2359 GPC (RBB); 18cv2699 DMS (NLS); 19cv838 DMS (NLS); 19cv843 DMS (NLS); 19cv1417 DMS (NLS); 19cv1678 DMS (NLS); 19cv2064 DMS (NLS); 20cv51 DMS (NLS); 20cv0855 DMS (NLS).
[5] Plaintiff paid the fee in one of the remaining civil cases. *See* Case No. 20cv0856 DMS(NLS).
[6] This amount does not include other cases that have already been dismissed for other reasons.
[7] The Court has yet to issue similar orders in Case Nos. 20cv206 DMS (NLS) and 20cv0857 DMS (NLS). The Court also did not issue a similar order in Case No. 20cv0725 DMS (NLS) because Plaintiff filed a motion to proceed IFP when she filed the Complaint in that case.
[8] *See* Case Nos. 20cv1001 DMS (NLS) and 20cv1002 DMS (NLS).

certainty.'" *Id.* (quoting *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)). That poverty standard may be met where the plaintiff alleges she "cannot pay the court costs and still afford the necessities of life." *Id.* (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

Plaintiff has not met that standard here. In her motion, Plaintiff declares she receives $2,500 per month in disability income, (Mot. at 1-2), and her monthly expenses total $3,237. (*Id.* at 4-5.) Plaintiff's largest monthly expense is a $2,100 mortgage payment, (*id.* at 4), but she admits she is not currently paying the mortgage on that property. (*Id.* at 5; Reply at 8.) The Court, therefore, declines to include that amount in Plaintiff's monthly expenses. Absent that amount, Plaintiff's monthly expenses total $1,137. Deducting those expenses from Plaintiff's monthly income of $2,500 leaves Plaintiff with $1,363 per month, which places her above the poverty guidelines established by the United States Department of Health and Human Services for the years 2018-2020. *See* https://aspe.hhs.gov/prior-hhs-poverty-guidelines-and-federal-register-references. Furthermore, the filing fee for each of Plaintiff's individual appeals ($298), is only twelve percent of Plaintiff's monthly income before expenses, which is far lower than the forty percent found sufficient to warrant IFP status in *Escobedo*. 787 F.3d at 1235 (finding plaintiff was entitled to proceed IFP when filing fee represented roughly forty percent of her monthly income before expenses). That Plaintiff paid the $400 filing fee for two civil cases filed on the same day, for a total of $800 in fees paid on one day, also supports a finding that Plaintiff could have afforded the filing fee for her other cases "and still afford the necessities of life." *Id.* at 1234.

Even if Plaintiff had made a sufficient showing to proceed IFP, the record would support a finding that Plaintiff's filings in this Court constitute an abuse of the judicial process. As stated in *In re Sindram*, 498 U.S. 177, 179 (1991):

> the Court waives filing fees and costs for indigent individuals in order to promote the interests of justice. The goal of fairly dispensing justice, however, is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests. Pro se

4

>petitioners have a greater capacity than most to disrupt the fair allocation of judicial resources because they are not subject to the financial considerations—filing fees and attorney's fees—that deter other litigants from filing frivolous petitions.

(citing *In re McDonald*, 489 U.S. 180, 184 (1989)).  Here, Plaintiff has filed forty-four cases in this Court over the past two years, which translates to approximately two cases per month.  This is far more than the twenty-six cases filed by the plaintiff and his family members in *Tuck v. Capitol One Bank*, No. 3:17-cv-01555-BEN-AGS, 2017 WL 6547739, at *2-3 (S.D. Cal. Dec. 20, 2017), where the court denied the plaintiff's motion to proceed IFP because the number of cases filed with IFP requests was "an abuse of the IFP process." *Id.* at *3.

Moreover, only two of Plaintiff's forty-one bankruptcy appeals have been fully briefed and decided on the merits.[9]  Another bankruptcy appeal was dismissed for lack of jurisdiction,[10] and five others were dismissed pursuant to Civil Local Rule 83.1 after Plaintiff failed to comply with the Court's scheduling orders.[11]  Plaintiff has similarly failed to respond to the Court's scheduling orders in fifteen other cases.[12]  The Court also notes that the two appeals Plaintiff filed with the Ninth Circuit were dismissed, one for lack of jurisdiction and the other as frivolous.[13]  Plaintiff's conduct thus far in filing so many cases in this Court and then failing to prosecute them is not the conduct of someone who

---

[9] *See* Case Nos. 18cv2699 DMS (NLS); 19cv2064 DMS (NLS).
[10] *See* Case No. 18cv2359 GPC (RBB).
[11] *See* Case Nos. 19cv838 DMS (NLS); 19cv843 DMS (NLS); 19cv1417 DMS (NLS); 19cv1678 DMS (NLS); 20cv51 DMS (NLS).
[12] *See* Case No. 18cv2089 DMS (NLS); 19cv488 DMS (NLS); 19cv836 DMS (NLS); 19cv2320 DMS (NLS); 19cv2462 DMS (NLS); 19cv2463 DMS (NLS); 20cv47 DMS (NLS); 20cv50 DMS (NLS); 20cv52 DMS (NLS); 20cv55 DMS (NLS); 20cv57 DMS (NLS); 20cv59 DMS (NLS); 20cv61 DMS (NLS); 20cv205 DMS (NLS); 20cv207 DMS (NLS).
[13] *See* Case No. 19cv2064 DMS (NLS), ECF No. 9 (dismissing appeal for lack of jurisdiction); Case No. 18cv2359 GPC (RBB), ECF No. 18 (dismissing appeal as frivolous and denying motion to proceed IFP).

genuinely believes they are "entitled to redress." 28 U.S.C. § 1915(a). Rather, Plaintiff's filing of her initial bankruptcy petition "on the eve of trial in litigation with Rogers in state court over ownership of three properties[,]" (Req. for Judicial Notice in Supp. of Opp'n to Mot., Ex. A at 11, ECF No. 282-2 at 15), combined with her voluminous filings in this Court over the past two years and her failure to prosecute those cases once filed reflect "an abuse of the judicial process in the classic sense of using the courts to pursue ends other than the vindication of claims believed to be meritorious." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989). Under these circumstances, and "[i]n order to prevent frivolous petitions for extraordinary relief from unsettling the fair administration of justice, the Court has a duty to deny in forma pauperis status to those individuals who have abused the system." *Sindram*, 498 U.S. at 180.

Accordingly, for all of these reasons, Plaintiff's motions to proceed IFP are denied. Pursuant to this Order, Plaintiff is granted 30 days leave to pay the filing fees for all of her pending bankruptcy appeals and her pending civil case, Case No. 20cv725 DMS (NLS). If the filing fees are not paid by that date, Plaintiff's cases will be closed without further order from the Court.

It is further ORDERED that if Plaintiff applies to proceed IFP in another case in this Court, she must attach a copy of this order to her IFP application. Failure to include this order with any IFP application filed after the date of this order may subject Plaintiff to sanctions. Plaintiff is further reminded that an IFP application is made under penalty of perjury, and any false statements may result in dismissal of claims, imprisonment, or a fine. *See* 18 U.S.C. §§ 1621, 3571.

**IT IS SO ORDERED.**

Dated: September 30, 2020

Hon. Dana M. Sabraw
United States District Judge